UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARVIN KEITH SAMPSON,
   Plaintiff,

vs.                                    No. 08-1196,

LAW AND JUSTICE CENTER, et.al.,
   Defendants

## MERIT REVIEW ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, Marvin Sampson, has filed his complaint pursuant to 42 U.S.C.§1983 against 22 defendants from McLean County, Illinois including the Law and Justice Center; Detective Brice Stanfield; "Inspectors" Shumaker, Horve, Scott Lake and Mark Griffin; Special Agent April Smith; Sergeants Earl Chandler, Pacha, Churchill and Schroeder; Officer Nichols; Judges Robert Freitag, Paul Lawrence and Charles Reynard; States Attorney William Yoder; Assistant States Attorney Jeffrey Horve; Public Defendant Amy Davis; Assistant Public Defender John Wright and Correctional Officer Jarod Maxdon.

     There are various problems with the plaintiff's complaint. It appears his main concern is a desire for a new public defender in a pending criminal case.

> I am asking my Attorney John Wright and Judge Reynard to give
> me another assigned attorney and still no attorney what am I to do,
> who am I to turn too, I am turning to the United States District
> Court. (Plain. Comp., p. 8)

     The plaintiff has made the wrong choice. The Federal Court has no jurisdiction over his pending criminal court case.

     The plaintiff also lists a variety of other problems with his access to the courts including a lack of good law books in the jail and a delay in receiving copies of discovery documents.

However, the plaintiff has failed to state a constitutional claim that he has been denied meaningful access to the courts because he admits he has been appointed counsel. *See Walkers v Edgar,* 163 F.3d 430, 436 (7th Cir. 1998) (inmate represented by counsel "can hardly complain of a denial of access to the courts."); *see also United States ex. rel George v. Lane,* 718 F.2d 226, 230 (7th Cir. 1983)(state not required to provide law library access if plaintiff has been appointed counsel.)

The plaintiff also claims that on March 13, 2008, an inmate at the jail "hit me for no reason, just a plain mean man mad at the world." (Comp., p. 9). The plaintiff says the defendants failed to protect him. The plaintiff has failed to state violation of his constitutional rights.
To state a failure to protect claim, the plaintiff must first "allege not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that the serious harm might actually occur." *Brown v Budz,* 398 F.3d 904, 910 (7th Cir. 2005). The plaintiff must also allege that the jail officials knew there was a risk of serious harm and disregarded that risk. *Id.* at 913. The plaintiff does not allege that anyone suspected the inmate might strike him, that there had been threats in the past or that he had warned officers of the danger. In fact, the plaintiff's complaint alleges that the assault was unexpected. In addition, the plaintiff also says he does not believe the defendants properly investigated the assault, but does allege there was a hearing on the assault. The plaintiff has failed to articulate a violation of his constitutional rights.

Finally, the plaintiff cannot sue many of the defendants he has named. First, a jail such as the Law and Justice Center is not a legal entity and thus not a proper §1983 defendant. Second, a judge is entitled to absolute immunity so long as his acts are within his jurisdiction and performed in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978). Deciding a motion for appointment of new counsel fits this criteria. Third, prosecutors are immune when carrying out prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.") Fourth, while public defenders are not entitled to absolute immunity, a public defender does not act under color of state law when performing the traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981). Section 1983 requires a plaintiff to show "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr fo Mental Health, Inc*, 924 F.2d 106, 107 (7th Cir. 1991).

The plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1)   The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. The case is closed, with the parties to bear their own costs.

2)   This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3)   The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)   The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)   The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)   If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 25th day of September, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE